UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

K. LYNN CORNING
Plaintiff

v.

THE FEITELBERG COMPANY;
CITIZENS FINANCIAL GROUP INC.;
& CITIZENS BANK
Defendants

04-12586 RGS

C.A. NO.

RECEIPT # _____ 60732
AMOUNT $ 150
SUMMONS ISSUED _YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _t.o.w_
DATE _12/10/04_

## COMPLAINT

## INTRODUCTORY STATEMENT ~~MAGISTRATE JUDGE~~ _Alexander_

This action is commenced by K. LYNN CORNING (hereinafter "Plaintiff" or "CORNING") against THE FEITELBERG COMPANY (hereinafter "Defendant", "FEITELBERG", or "EMPLOYER"); CITIZENS FINANCIAL GROUP INC.; (hereinafter "Defendant", "FINANCIAL", or "EMPLOYER") and CITIZENS BANK (hereinafter "Defendant", "CITIZENS", or" EMPLOYER") in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices on the basis of gender/sex and for retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., in addition to other federal state and common law claims

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, *inter alia*, pertinent provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

2.    Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3.    Venue is proper in this district pursuant to <u>inter alia</u>, 28 U.S.C. 1391 (b), because:

a.    The alleged unlawful practices occurred and/or are continuing to occur within the Commonwealth of Massachusetts, and in this judicial district;

b.    all records relevant to the alleged unlawful practices are maintained and administered in the Defendant Feitelberg Company's place of business in Fall River, Massachusetts;

c.    Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of the Defendant Feitelberg, at its

Fall River, Massachusetts location, but for the Defendant's unlawful employment practices.

4.    On or about February 24, 2004, Plaintiff filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination (MCAD) and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her sex/gender and that she had been subject to retaliation. (MCAD # 04-BEM000624; EEOC # 16CA401136) (ATTACHMENT A)

5.    The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court; including, but not limited to, requesting and receiving Right To Sue Authorization from the pertinent state and federal administrative agencies. (ATTACHMENT B)

**THE PARTIES**

6.    The Plaintiff, K. Lynn Corning, a female individual, is a resident of the City of Pawtucket, Rhode Island.

7.    On information and belief, the Defendant, Feitelberg Company ("Feitelberg"), is a Massachusetts corporation, authorized by appropriate state authority to conduct business in the state of Massachusetts and maintaining offices and a principal place of business, at 222 Milliken Place, Fall River, Massachusetts 02722-3220.

8.    On information and belief, Defendant Citizens Bank is a foreign corporation, authorized by appropriate state authority to conduct business in the Commonwealth of Massachusetts, and maintaining offices and a principal place of business at One Citizens Plaza, Providence, Rhode Island 02903. On information and belief the Defendant, Citizens Financial Group, is a foreign corporation, authorized by appropriate state authority to conduct business in the Commonwealth of Massachusetts, and maintaining offices and a principal place of business 100 Corporate Place, 4th Floor, Peabody, MA 01960.

9.    On information and belief, the Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other indicia of common ownership and control to be determined a single employer or, in the alternative, joint employers for the purposes for all claims at issue in this action, and to be held jointly and severally liable.

10.    At all times material to the allegations of this Complaint, the Defendants have continuously, and do now employ at least 100 or more employees in the Commonwealth of Massachusetts.

11.    At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning

of those terms as applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII".)

12.    At all times material to the allegations of this Complaint, Defendants were and are "employer(s)" within the meaning of that term as applicable in pertinent provisions of Title VII, and any other statutes pertinent to this action.

13.    Corning is an "individual" covered within the meaning of pertinent provisions defining that term under Title VII, and any other statutes pertinent to this action.

14.    At all times material to this action, the Defendants were and are "employer(s)" subject to pertinent provisions of M.G.L.A. Ch. 151B.  At all times material to this action, Plaintiff was protected under pertinent provisions of M.G.L.A. Ch. 151B.

## FACTS APPLICABLE TO EACH COUNT

15.    Plaintiff is a female.

16.    Plaintiff had been employed by Feitelberg Company/Citizens Bank, on a full-time basis commencing January 31, 2001 in the position of insurance producer.

17.     Throughout her tenure of employment with the Defendants, Plaintiff met or exceeded the employers' legitimate expectations.

18.     Plaintiff was one of eleven (11) insurance producers in her office.

19.     Plaintiff was the only female insurance producer in her office.

20.     On or about November 20, 2003, Plaintiff was compelled to relinquish her employment with the Defendants due to a pattern of disparate treatment and retaliation by the employers based on her gender.

21.     Throughout her tenure of employment, Plaintiff was denied various benefits and opportunities accorded to less-experienced and less-qualified male agents.

22.     Plaintiff was denied an automobile allowance, cell phone, gym membership, and other benefits of employment accorded male employees.

23.     Plaintiff was routinely denied productive client leads, and the right to attend important meetings and conferences, while these opportunities were made available to male employees.

24.     Following over a year of loyal service, Plaintiff was denied an office space that became available, in favor of a less-experienced male employee who had been employed by Defendants for only a few weeks.

25.     During a group meeting, Plaintiff's supervisor announced that this new, less-experienced male-employee was the "future of Feitelberg."

26.     There has existed a persistent and intentional effort among several of Plaintiff's superiors to obstruct and impede Plaintiff's ability to accomplish her professional goals, and to create a hostile work environment based on gender.

27.     Plaintiff complained to management personnel about this disparate treatment on numerous occasions, and has made every reasonable attempt to resolve attempt her concerns through the internal remedial process, if any made available by Defendants. Plaintiff's efforts were unsuccessful.

28.     On one occasion, when Plaintiff indicated to management personnel that she believed she was being treated in an unfair and hostile manner, she was presented with the ultimatum of deciding whether or not she intended to remain in the employ of the Defendants or separate from her job.

29.    No meaningful effort or initiative was undertaken by management personnel or the Defendants' human resource representatives to address or remediate Plaintiff's concerns.

30.    Plaintiff had no choice but to relinquish her position with the Defendants', in light of conditions no reasonable person could have been expected to tolerate.

31.    The Massachusetts Division of Employment and Training has awarded the Plaintiff full unemployment benefits, finding that there was substantial and credible evidence that Plaintiff left her position with good cause.

32.    But for the Defendants' intention to discriminate against Plaintiff on the basis of her gender/sex, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been constructively discharged nor subjected to disparate treatment disparate terms and conditions of employment.

33.    But for the Defendants' intention to discriminate against Plaintiff on the basis of her gender/sex, and to retaliate against Plaintiff because she sought to assert her rights protected under state and federal law, Plaintiff would not have been subjected to discriminatory terms and conditions of employment, or constructively discharged.

34.    The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law.

35.    The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposely subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender/sex and because she sought to assert her rights to be free from unlawful workplace treatment.

36.    The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## CONSTRUCTIVE DISCHARGE
## HOSTILE ENVIRONMENT
## RETALIATION
## M.G.L.A. CH. 151B

37.    The allegations contained in Paragraphs 1-36 above are incorporated herein by reference in their entirety.

38.    The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the M.G.L. A. CH. 151B by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex;

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation; and

e. retaliating against the Plaintiff because she opposed practices forbidden under M.G.L. 151B. (M.G.L. c.151B, §4(4).

39. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex, and because she complained regarding workplace treatment prohibited by state and federal law. Such practices include, but are not limited to, Defendants:

a.) constructively discharging Plaintiff because of her gender/sex;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex; and

c.) forcing Plaintiff to work in an environment which was hostile and discriminatory based on gender/sex.

40.    But for the Defendants' intent to discriminate against Plaintiff because of her gender/sex, Defendants' would not have constructively discharged Plaintiff, or subjected her to discriminatory terms and conditions of employment, or retaliated against her.

41.    The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender/sex, and because she complained about unlawful workplace treatment. The Defendants' conduct has unlawfully deprived Plaintiff of her employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000e et seq.
## HOSTILE ENVIRONMENT
## CONSTRUCTIVE DISCHARGE
## RETALIATION

42.    Paragraphs 1-36 above are incorporated herein by reference in their entirety.

43. The Defendants' conduct in constructively discharging the Plaintiff, and as otherwise referenced in paragraphs 1-36, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of her gender/sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e (Title VII), and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden by Title VII (42 U.S.C. §2000e-3(a)).

44. The Defendants' conduct in constructively discharging the Plaintiff, and as otherwise referenced in paragraphs 1-36, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of her gender/sex, in violation of Title VII, and to discriminate against her because she complained regarding unlawful workplace treatment, and opposed practices forbidden under Title VII.

45. Defendants willfully engaged in a policy or practice of discriminatory treatment based on gender/sex by discharging Plaintiff, in violation of Title VII.

46. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sex;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sex;

d.) and retaliating against her because she complained regarding unlawful workplace treatment, and practices forbidden under Title VII; and

e.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

47.   The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sex.   Such practices including, but are not limited to, Defendants:

a.) constructively discharging Plaintiff because of her gender/sex;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sex, and because she opposed practices prohibited under Title VII; and

c.) tolerating a hostile work environment based on gender.

48.   But for the Defendants' intent to discriminate against Plaintiff because of her gender/sex, or its intent to retaliate against her, Defendants would not have constructively discharged Plaintiff or subjected her to discriminatory terms and conditions of employment.

49.   The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the

employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

50.     By its conduct, the Defendants has failed in its affirmative duty under Title VII, by their failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at employees based on their gender/sex.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender/sex;

b.) an order that the Defendants make whole the Plaintiff with appropriate lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its

unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

h.) grant such further relief as this court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
K. Lynn Corning,
By Her Attorney,

*Stephen Fanning*

Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-272-8250/ 401-272-4520 (FAX)

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
☐ EEOC

ATTACHMENT A

## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
### State or local Agency, if any

and EEOC

**NAME** *(Indicate Mr., Ms., Mrs.)*
MS. K. LYNN CORNING

**HOME TELEPHONE** *(Include Area Code)*
401-286-2527

**STREET ADDRESS**
15 UTTON STREET

**CITY, STATE AND ZIP CODE**
PAWTUCKET, RI 02860

**DATE OF BIRTH**
7/24/60

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

**NAME**
The Feitelberg Company

**NUMBER OF EMPLOYEES, MEMBERS**
15+

**TELEPHONE** *(Include Area Code)*
508-676-1971

**STREET ADDRESS**
222 MILLIKEN PLACE

**CITY, STATE AND ZIP CODE**
FALL RIVER, MA 02722-3220

**COUNTY**
Bristol

**NAME**
CITIZENS BANK

**TELEPHONE NUMBER** *(Include Area Code)*
401-282-5757

**STREET ADDRESS**
One Citizens Plaza

**CITY, STATE AND ZIP CODE**
Providence, RI 02903

**COUNTY**
Providence

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify)*

**DATE DISCRIMINATION TOOK PLACE**
**EARLIEST**
June 1, 2003

☒ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional space is needed, attach extra sheet(s)):*

I am a female. I was employed by The Feitelberg Company/Citizens Bank. During or about Nov. '03, I was compelled to relinquish my position due to disparate treatment and retaliation by my employer based on my gender. During my employment with the company, I was the only female agent in my office, and at all times I compiled an outstanding performance record meeting or exceeding the employer's legitimate expectations. It is my belief that throughout my employment, I was denied various benefits and opportunities accorded to less experienced and less qualified male agents. For example, and not by way of limitation, I contend that I was denied an automobile allowance, cell phone, gym membership, and other benefits of employment accorded male employees. I was routinely denied productive client leads, as well as the right to attend important meetings and conferences, while these opportunities have been made available to male employees. On one occasion, I was denied an office space that became available, in favor of a male employee who had been with the company for only a few weeks. In fact, during a group meeting, my supervisor announced that this new and less-experienced male employee was the "future of Feitelberg." As a general matter, there has existed a persistent and intentional effort among several of my superiors to obstruct and impede my ability to accomplish my professional goals, and to create a hostile work environment based on my gender. On numerous occasions, I complained to management personnel about this disparate treatment.

CONTINUED ON ATTACHED SHEET

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*K. Lynn Corning* 2/3/4

**Charging Party (signature)**

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

**SIGNATURE OF COMPLAINANT**
*K. Lynn Corning*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)*
Feb. 3, 2004

EEOC FORM 5 (Rev. 06/92)

Lynn Corning Charge Continued....

FEB 2 4 2004

One time when I indicated to management personnel that I believed I was being treated in an unfair and hostile manner, I was presented with the ultimatum of deciding whether or not I intended to remain with the company. No substantial effort or initiative was undertaken by management personnel or the company's human resource representatives to address and remediate my concerns. These actions by the employer implicate that I have been the victim of discrimination based on gender, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, MGL Ch 151b, and other federal and state laws.

Signature of Claimant: _K. Lynn Corning_     Date: _2/3/4_

2

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

ATTACHMENT  B

| To: | K. L. Corning<br>15 Utton Street,<br>Pawtucket, RI 02860 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-01136 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

- [X] More than 180 days have passed since the filing of this charge.
- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.
- [X] The EEOC is terminating its processing of this charge.
- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

SEP  1 3  2004

Enclosure(s)

Robert L. Sanders,
Area Office Director

*(Date Mailed)*

cc: | **FEITELBERG COMPANY**<br>222 Milliken Place<br>Fall River, MA 02722 | **Stephen T. Fanning, Esquire**<br>305 South Main Street<br>Providence, RI 02903 |

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

K. LYNN CORNING

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    PROVIDENCE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen T. Fanning  #542343
305 S. Main Street
Providence, RI 02903 (401)272-8250

## DEFENDANTS

THE FEITELBERG COMPANY;
CITIZENS FINANCIAL GROUP INC.; &
CITIZENS BANK

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7809 | |
| | | ☐ 555 Prison Condition | | |

(Torts — PERSONAL INJURY second column: ☐ 362 Personal Injury — Med. Malpractice; ☐ 365 Personal Injury — Product Liability; ☐ 368 Asbestos Personal Injury Product Liability. PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability)

(LABOR cont'd: ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act)

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 USC section 2000e based on gender.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):   none

JUDGE _____   DOCKET NUMBER _____

DATE   12/10/04

SIGNATURE OF ATTORNEY OF RECORD   Stephen Fanning

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)

_____ K. LYNN CORNING v. THE FEITELBERG COMPANY, ET AL _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___ II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES _____ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   EASTERN

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   STEPHEN T. FANNING   #542343

ADDRESS   305 SOUTH MAIN STREET, PROVIDENCE, RI 02903

TELEPHONE NO.   401-272-8250

(Category.frm - 09/92)