UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

K. LYNN CORNING,
        Plaintiff

v.                                                  C.A. No. 04-12586 RGS

THE FEITELBERG COMPANY, CITIZENS
FINANCIAL GROUP, INC. and CITIZENS
BANK,
        Defendants

## ANSWER

Now come Defendants The Feitelberg Company, Inc. ("Feitelberg"), and Citizens Financial Group, Inc. and Citizens Bank (collectively "Citizens") and for their Answer to Plaintiff's Complaint state as follows:

### JURISDICTION AND VENUE

1.     Defendants neither admit nor deny the allegations contained in paragraph 1 of the Complaint but leave Plaintiff to her proof thereof.

2.     Defendants neither admit nor deny the allegations contained in paragraph 2 of the Complaint but leave Plaintiff to her proof thereof.

3.     Defendants neither admit nor deny the allegations contained in paragraph 3 of the Complaint but leave Plaintiff to her proof thereof.

4.     Upon information and belief, admitted.

5.     Upon information and belief, admitted.

## THE PARTIES

6. Defendants neither admit nor deny the allegations contained in paragraph 6, although upon information and belief Defendants admit that Plaintiff is a resident of either Florida or Rhode Island.

7. Admitted.

8. Defendants admit that Citizens Financial Group, Inc., is a corporation authorized to do business in the Commonwealth of Massachusetts. Defendants deny the remainder of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Denied.

10. Defendants admit that Citizens employs at least one hundred (100) or more employees in the Commonwealth of Massachusetts. Defendants deny that Feitelberg employs at least one hundred (100) or more employees in the Commonwealth of Massachusetts.

11. Upon information and belief, admitted.

12. Upon information and belief, admitted.

13. Upon information and belief, admitted.

14. Upon information and belief, admitted.

## FACTS APPLICABLE TO EACH COUNT

15. Admitted.

16. Feitelberg admits that Plaintiff commenced employment with Feitelberg on or about January 22, 2001 in the position of personal lines customer service representative and that Plaintiff became a producer on October 31, 2001. Defendants deny all remaining allegations contained in paragraph 16, including specifically any allegation that Plaintiff was ever employed by Citizens.

17. To the extent the allegations contained in paragraph 17 of the Complaint imply that Plaintiff was at any time employed by Citizens, denied. Feitelberg denies that Plaintiff met or exceeded the employer's expectations at all times during her employment.

18. Feitelberg is unable to admit or deny the allegations contained in paragraph 18 because they are not limited in time. Feitelberg admits that ten (10) to twelve (12) other producers worked for Feitelberg at various times during Plaintiff's tenure. Citizens is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies same.

19. Denied.

20. Denied.

21. Denied.

22. To the extent the allegations contained in paragraph 22 imply that Plaintiff was discriminated against on the basis of her gender, denied. Feitelberg denies that Plaintiff was treated in a discriminatory manner with respect to an automobile allowance, cell phone, gym membership, or any other benefit of employment accorded to male employees similarly situated to Plaintiff.

23. Denied.

24. Feitelberg denies the allegations contained in paragraph 24 but admits that during an office reconfiguration which started in August of 2003, male employee Paul Zicuis was temporarily moved to an office to make room for Karen Deal, a recently hired Marketing Specialist. Citizens is without knowledge or information sufficient to form a belief as to the truth of these allegations contained in paragraph 24, and therefore denies same.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Upon information and belief, Plaintiff was permitted, with no objection by Feitelberg, to collect unemployment benefits but Feitelberg believes Plaintiff received benefits after the customary waiting period. Defendants deny the remainder of the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT I
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
### CONSTRUCTIVE DISCHARGE
### HOSTILE ENVIRONMENT
### RETALIATION
### M.G.L.A. CH. 151B

37. Defendants repeat and reallege the answers contained in paragraphs 1 through 36 as if each had been fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

4

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e et seq.
## HOSTILE WORK ENVIRONMENT
## CONSTRUCTIVE DISCHARGE
## RETALIATION

42.  Defendants repeat and reallege the answers contained in paragraphs 1 through 36 as if each had been fully set forth herein.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Denied.

50.  Denied.

WHEREFORE, Defendants demand that the Complaint be dismissed in its entirety and that Plaintiff be awarded all costs of suit, and such other and further relief as this Court deems just and meet.

### AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.  All counts of Plaintiff's Complaint must be dismissed as to Defendants Citizens Bank and Citizens Financial Group, Inc., as the parties never had an employee/employer relationship. Plaintiff was never an employee of Citizens Bank and was never an employee of Citizens Financial Group, Inc.

3. Defendant's conduct was not motivated or based in whole or in part on Plaintiff's gender.

4. Plaintiff suffered no adverse tangible job action.

5. Plaintiff was not subjected to a hostile environment and the conduct complained of, even if true, was not severe or pervasive conduct violative of Title VII of the Civil Rights Act of 1964 or Mass. Gen. Laws ch. 151B.

6. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendants with respect to her claims, or to otherwise avoid harm.

7. Defendants exercised reasonable care to prevent and promptly correct any claimed hostile behavior or harassing environment.

8. Defendants made good faith efforts at all times to comply with the statutes which are the basis of Plaintiff's claim.

9. Plaintiff was not constructively discharged, but terminated her employment voluntarily.

10. Plaintiff has failed to mitigate her damages, if any.

11. Plaintiff comes to Court with unclean hands.

12. Defendants plead the affirmative defenses of waiver and estoppel.

THE FEITELBERG COMPANY, INC.,
CITIZENS FINANCIAL GROUP, INC. and
CITIZENS BANK

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

_____
Michael A. Gamboli (BBO 559083)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on this ___13th___ day of January, 2005, I mailed a copy of the within Answer to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

_____

776740_1/965-1049

7